UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**RICKY L. JOHNSON**                                                                                         **PLAINTIFF**

**v.**                                                                                 **CIVIL ACTION NO. 3:11CV-P517-M**

**ARAMARK et al.**                                                                                       **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, Ricky L. Johnson, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983.[1]  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff is incarcerated at the Kentucky State Reformatory (KSR).  He sues Aramark Correctional Services and, in their individual and official capacities, Mark Geddes, Aramark Regional Manager at KSR; Aramark Supervisor Bonnie Resnic at KSR; and KSR Warden Cookie Crews.  He alleges that on May 5, 2010, he suffered work-related injuries at the KSR Dining Area serving line when he fell with three gallons of boiling hot water.  He states that the floor was wet from eating trays draining on the floor.  He states that when he fell he struck his tail bone on the hard tile floor, his feet went out from under him, and the boiling hot water he was carrying caused second-degree burns to his abdomen and right buttock.  Since the fall, claims Plaintiff, he cannot walk even very short distances without his "lower lumbar region of [his] spine and neck hurting with excruciating pain."  He further states that he must watch his

---

[1] The Court has considered both the initial complaint (DN 1) and the amended complaint (DN 5).  *See* Fed. R. Civ. P. 15(a).

feet when he walks or he will stumble and fall. He alleges that he has not received any medical treatment for his back. Plaintiff also states that Defendant Resnic witnessed the injury to Plaintiff. Plaintiff further states that Defendant Crews never responded to his grievances. He alleges that it took nine months for KSR to provide him an x-ray of his lower back.

Plaintiff attaches a letter to his amended complaint explaining that he wishes the Court to grant in his favor on violations of his Eighth, Fifth, Sixth, and Fourteenth Amendment rights on the ground of medical indifference. He also asserts in that letter, "In the labor service of Aramark Correctional services A Sub-contractor employed by [KSR] Plaintiff brings to Hon. Co[u]rt Officials attention city and county health department code violations, extremely poor working conditions, lack of fellow servants, insufficient foot wear was the cause of my injuries." He also attaches a letter to the Court to his amended complaint in which he appears to ask to be allowed to seek monetary relief under the Americans with Disabilities Act (ADA) and the Religious Freedom Restoration Act of 1993 (RFRA).

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally

construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**A.    42 U.S.C. § 1983**

*1. Aramark claims and official-capacity claims against Geddes and Resnic*

Plaintiff sues Defendants Geddes and Resnic in both their individual and official capacities. "Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official-capacity claims against Defendants Geddes and Resnic are, therefore, actually claims against Aramark. *See Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008) (stating that civil-rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

However, Plaintiff's claim against Aramark under § 1983 fails because "[r]espondeat superior[2] is not a proper basis for liability under § 1983." *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006). "[A] municipality cannot be held liable *solely* because it employs a tortfeasor." *Monell*, 436 U.S. at 691. A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Id.*

This same analysis applies to § 1983 claims against a private corporation like Aramark.

---

[2] Respondeat superior is "the doctrine under which liability is imposed upon an employer for the acts of his employees committed in the course and scope of their employment." BALLENTINE'S LAW DICTIONARY (3d ed. 1969).

3

*See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well."). Liability must be based on a policy or custom of the contracted private entity or "the inadequacy of [an employee's] training." *Id.*; *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) ("CMS's [Correctional Medical Systems, Inc.,] liability must also be premised on some policy that caused a deprivation of [plaintiff's] Eighth Amendment rights.").

In the instant case, Plaintiff has not alleged that Aramark employees acted pursuant to a policy or custom in causing any alleged harm. Nothing in the complaint demonstrates that the action or inaction of any Aramark personnel occurred as a result of a policy or custom implemented or endorsed by Aramark. Therefore, Plaintiff's § 1983 claim against Aramark and his § 1983 official-capacity claims against Defendants Geddes and Resnic will be dismissed for failure to state a claim upon which relief may be granted.

*2. Individual-capacity claims against Geddes and Resnic*

In order to state a claim under § 1983, a plaintiff must allege both a violation of a right or rights secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under color of state law.[3] *See West v. Atkins*, 487 U.S. 42

---

[3] Aramark apparently contracted with the State to provide food services to Kentucky State Reformatory inmates. In the Sixth Circuit, "it is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting under color of state law." *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993). Accordingly, for the purposes of initial review, the Court presumes that Aramark, Geddes, and Resnic are state actors. *See also McCullum v. City of Philadelphia*, No. 98-5858, 1999 WL 493696, at *3 (E.D. Pa. July 13, 1999) ("[T]he court finds that Plaintiff has sufficiently alleged facts which show Aramark was acting under color of state law for purposes of § 1983 . . . providing food service, like medical care, to [ ] incarcerated

(1988). In this case, Plaintiff alleges that Defendant Resnic witnessed his accident. He provides no specific allegations with regard to Defendant Geddes.

As a general principle, a prison official has the duty to ensure the "reasonable safety" of inmates. *See Farmer v. Brennan*, 511 U.S. 825, 844 (1994). A prison official is liable for failing to protect when a plaintiff proves the following: "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. In other words, a prison official must act with deliberate indifference. *See Roland v. Johnson*, 856 F.2d 764, 769 (6th Cir. 1988). A defendant acts with deliberate indifference when "he causes unnecessary and wanton infliction of pain . . . by deliberately disregarding a serious threat to [the inmate's] safety after actually becoming aware of that threat." *Walker v. Norris*, 917 F.2d 1449, 1454 (6th Cir. 1990) (quoting lower court's deliberate indifference jury instruction with approval). Plaintiff's intimations that Defendants Geddes and Resnic failed to provide safe working conditions do not meet the level of deliberate indifference required by the Sixth Circuit to state a claim under the Eighth Amendment/Due Process Clause.

At most, Plaintiff has alleged negligence in connection with these allegations. He does not allege that these Defendants knew that the floor was wet. The Eighth Amendment/Due Process Clause is not implicated by a state official's mere negligent acts where no deliberate indifference is alleged by the plaintiff. *Daniels v. Williams*, 474 U.S. 327 (1986). In *Daniels*, the Supreme Court explained:

> We think that the actions of prison custodians in leaving a pillow

---

people is one part of the government function of incarceration.").

>on the prison stairs, or mislaying an inmate's property, are quite
remote from the concerns just discussed. Far from an abuse of
power, lack of due care suggests no more than a failure to measure
up to the conduct of a reasonable person. To hold that injury
caused by such conduct is a deprivation within the meaning of the
Fourteenth Amendment would trivialize the centuries-old principle
of due process of law.

*Id.* at 332. The Court continued: "Where a government official's act causing injury to life, liberty, or property is merely negligent, 'no procedure for compensation is constitutionally required.'" *Id.* at 333 (internal citations omitted). Therefore, Plaintiff's § 1983 claims against Defendants Geddes and Resnic in their individual capacities will be dismissed for failure to state claim upon which relief may be granted.

### *3. Claim against Warden Crews*

Plaintiff's claim against Warden Crews also will be dismissed. As already discussed, the doctrine of respondeat superior does not apply in § 1983 actions. *McQueen*, 433 F.3d at 470. "[L]iability of supervisory personnel must be based on more than merely the right to control employees." *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 872 (6th Cir. 1982). Here, although Plaintiff does allege in a conclusory fashion that Warden Crews "denied adequate medical treatment for injuries," Plaintiff fails to demonstrate any facts showing that Warden Crews directly participated in any incidents of misconduct.

Moreover, his real complaint regarding Defendant Crews seems to be that she did not answer his grievances. An inmate grievance procedure within the prison system is not constitutionally required. *See United States ex rel. Wolfish v. Levi*, 439 F. Supp. 114, 163 (S.D.N.Y. 1977), *aff'd sub nom*, *Wolfish v. Levi*, 573 F.2d 118 (2nd Cir. 1978), *rev'd on other grounds*, *Bell v. Wolfish*, 441 U.S. 520 (1979); *Spencer v. Moore*, 638 F. Supp. 315 (E.D. Mo.

6

1986); *O'Bryan v. County of Saganaw*, 437 F. Supp. 582, 601 (E.D. Mich. 1977). If the prison provides a grievance process, violations of its procedures do not rise to the level of a federal constitutional right. *Spencer*, 638 F. Supp. at 316. The plaintiff has no right to an effective grievance procedure. *Ishaaq v. Compton*, 900 F. Supp. 935, 940-41 (W.D. Tenn. 1995); *Flowers v. Tate*, Nos. 90-3742, 90-3796, 1991 WL 22009 (6th Cir. Feb. 22, 1991). Therefore, a failure to follow the grievance procedures does not give rise to a § 1983 claim. *Id.*; *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982).

**B.     ADA claim**

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. A "'qualified individual with a disability'" is defined as "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, . . . meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." § 12131(2). The Supreme Court has held that the term "public entity" includes state prisons. *See Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1988).

To make out a claim under the ADA, plaintiff must allege that: (1) he is a qualified individual with a disability, (2) who was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, and (3) such exclusion, denial of benefits, or discrimination was because of a disability. 42 U.S.C. § 12132.

Plaintiff does not allege that he was discriminated against or denied benefits because of a

7

disability. The Court will, therefore, dismiss this claim. *See id.* (affirming dismissal of ADA claim where plaintiff failed to allege that defendants discriminated against him because of disability).

**C.     RFRA claim**

In *City of Boerne v. Flores*, 521 U.S. 507 (1997), the Supreme Court struck down RFRA as it applied to the states and their subdivisions, holding that RFRA exceeded Congress' remedial powers under Section 5 of the Fourteenth Amendment because RFRA proscribed state conduct that the First Amendment does not itself proscribe. Accordingly, Plaintiff's RFRA claim must be dismissed.

### III. CONCLUSION

For the foregoing reasons, by separate Order, Plaintiff's claims will be dismissed.

Date:




cc:     Plaintiff, *pro se*
        Defendants
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.009